# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SUSHMA ALVAR, et al.,**

    **Plaintiffs,**

vs.                                     Case No. 4:21cv277-RH-MAF

**SUNDER PICHAI, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on July 7, 2021. Pro se Plaintiff Sushma Alvar submitted an in forma pauperis motion, ECF No. 2, but the complaint listed three persons as Plaintiffs: Sushma Alvar, Echo Alvar, and Shantha Raj. ECF No. 1 at 1, 2. Also problematic was the absence of any other signatures on the complaint other than Sushma Alvar. An Order was entered on July 9, 2021, which required Plaintiffs to file an amended complaint. ECF No. 4.

Additionally, that Order advised that if all Plaintiffs desired to join together in this case, all Plaintiffs must submit an in forma pauperis motion which demonstrates that none of the Plaintiffs have the ability to pay the

filing fee.  ECF No. 4.  Furthermore, the Order explained that the in forma pauperis motion as filed, ECF No. 2, was insufficient.  Thus, an amended in forma pauperis motion must be filed by Plaintiff Sushma Alvar, and in forma pauperis motions filed by all other persons joining together as Plaintiff in this case.  ECF No. 4.

In mid-August 2021, Plaintiff Sushma Alvar filed a motion requesting an extension of time.  ECF No. 5.  The motion was granted and Plaintiffs were given until September 10, 2021, to comply with the prior Order, ECF No. 4.  ECF No. 6.  On August 31, 2021, the last Order entered, ECF No. 6, was returned to the Court as undeliverable.  ECF No. 7.  The mail return indicates Plaintiff Shantha Raj did not receive the Order, although that Plaintiff apparently received the first Order, ECF No. 4.  The other Plaintiffs presumably received both Orders because no other mail returns have been received.

No response to those Orders have been received, despite the warning given that a recommendation would be made to dismiss this case if Plaintiffs did not comply by the deadline provided.  ECF No. 4 at 4; ECF

No. 6 at 2.  It appears that Plaintiffs have abandoned this litigation, although they did not file a notice of voluntary dismissal as instructed.  *Id.*

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here

Plaintiffs were forewarned twice but have not responded to Court orders. Dismissal of this action is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2021.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv277-RH-MAF